**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 10-390-03 |
|---|---|---|
| v. | : | CIVIL ACTION NO. 12-3267 |
| RASHINE BROOKS | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                             **March 13, 2013**

The defendant, who pled guilty to conspiracy to distribute a controlled substance, Oxycotin[1], has filed a *pro se* motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He argues that his attorney did not provide him with discovery so that he could identify "favorable evidence" and move to suppress evidence, and failed to negotiate a plea agreement for a "recommended suitable sentence." He does not directly contest the validity of his guilty plea or the plea agreement. Nor does he question the appellate waiver. Casting his challenge as an ineffectiveness of counsel claim, he argues that his attorney's "deficient performance coerced [him] into a guilty plea."

The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence. In the alternative, the government argues that the defendant's claims are without merit because he has not shown that his attorney's performance was deficient and that he was prejudiced.

I conclude that the defendant knowingly and voluntarily waived the right to collaterally attack his sentence, and that upholding the waiver will not result in a

---

[1] 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c).

miscarriage of justice. Even if there had been no valid waiver, the defendant's claim fails on the merits. Therefore, the defendant's motion must be denied.

## Procedural History

The defendant was charged in a seven-count indictment on June 16, 2010. On January 4, 2011, pursuant to a written plea agreement, the defendant entered a guilty plea. The plea agreement contained a waiver of appellate rights, including a waiver of the right to pursue a collateral attack through a *habeas* motion to vacate, set aside or modify sentence under 28 U.S.C. § 2255. The defendant limited his right to appeal to three instances. He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, or I unreasonably departed upward from the sentencing guideline range.

On June 8, 2011, the defendant was sentenced to 60 months imprisonment to be followed by three years of supervised release. On June 11, 2012, he filed his *pro se* motion under 28 U.S.C. § 2255.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits." *Id*. at 561.

A waiver may be invalidated in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. Analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of

factors. *Id.* at 563. Relevant factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.*; *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001). While noting that it chose "not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id*. at 563.

Only where the defendant claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998). In other words, the only claim of counsel's ineffectiveness that a defendant who has executed a waiver can bring is one that his attorney was ineffective in negotiating the plea agreement with the waiver. Thus, all other ineffectiveness contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provision waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. The defendant was so advised during his guilty plea colloquy.

In his motion, the defendant does not contend that he entered the plea agreement

3

unknowingly or that he did not understand the waiver. His contention is that he surrendered his desire to fight the charges because his attorney did not share the government's evidence with him, leaving him "unaware of any favorable evidence in [his] defense or suppress evidence." He also complains that his attorney failed to negotiate a better sentence.

At his guilty plea, the defendant was specifically advised of his appellate rights and his right to collaterally attack his sentence by a *habeas* petition. Change of Plea Hrg., Jan. 4, 2011, at 22-23. He acknowledged that he had these rights and was relinquishing them. He confirmed repeatedly that his decision to plead guilty was voluntary and he was pleading guilty of his own free will. *Id*. at 9-10. He also stated that he was satisfied with his attorney's representation. *Id*. At no time during the guilty plea colloquy or sentencing did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty. Prior to accepting the plea, I found that his willingness to enter a guilty plea was voluntary and he had a full understanding of his right to go to trial. *Id*. at 29. Thus, the defendant's appellate waiver was knowing and voluntary; and, absent a miscarriage of justice, it should be enforced.

Before his guilty plea was accepted and he was adjudged guilty, the defendant acknowledged he understood what had transpired during the guilty plea colloquy. He explained that he "pled guilty and gave up my rights to appeal and rights to a trial." *Id.* at 31. He also professed that everything he had said during the proceeding was truthful.

Justice will not be compromised by enforcing the waiver. The defendant does not challenge his guilt. Indeed, after the Assistant United States Attorney recited what

4

evidence the government was prepared to present at a trial, the defendant admitted that he had done what the government contended he had done. *Id*. at 28. He stated that he pled guilty because he was guilty. *Id*. at 32.

The defendant does not identify any favorable evidence. Nor does he specify what evidence would have been suppressed.

His attorney achieved an excellent result for the defendant. He cannot now claim that he could have gotten a better sentence. The defendant was sentenced to 60 months, substantially below the applicable range. As calculated by the Probation Office, the defendant's guideline range was 151-188 months.

Because the waiver was knowing and voluntary, it must be enforced. The government did not appeal the sentence, the sentence was below the applicable sentencing guideline range and did not exceed the statutory maximum sentence. The defendant has not offered, nor do I find, any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, the waiver must be upheld.

**Ineffective Assistance of Counsel**

Even if the appellate waiver were invalid, the defendant's claims fail on the merits. The defendant has failed to show that his counsel was ineffective. Indeed, there is no basis for making such a claim.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The defendant cannot demonstrate that his attorney's performance was deficient. His attorney, after having reviewed the government's case and considering a co-defendant's willingness to testify against the defendant, recommended a guilty plea. The attorney did not force the defendant to plead guilty. The defendant made the choice to plead guilty of his own free will. Indeed, he explicitly acknowledged that it was his decision made knowingly and willingly. The attorney negotiated a plea agreement that worked to the defendant's benefit. There is nothing counsel did that could be considered deficient performance.

The defendant does not claim that he is innocent. He does not challenge his guilt. Rather, he complains about his sentence, a sentence that was below his sentencing guideline range. Consequently, the defendant cannot establish any prejudice.

## Conclusion

The defendant's appellate waiver was knowing and voluntary, and enforcing it will not work a miscarriage of justice. Even if the waiver were invalid, the defendant's claim of ineffectiveness of counsel is meritless. Therefore, the motion will be denied.